ANNE M. BEVINGTON (SBN 111320)
TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502104
(510) 906-4710
abevington@sjlawcorp.com
tdo@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, CHRISTOPHER BOUVIER, Trustee, CHARLES GILCHRIST, Trustee, DAVID HUERTA, Trustee, RAYMOND C. NANN, Trustee, MARK SHARWOOD, Trustee, and LARRY T. SMITH, Trustee,<br><br>       Plaintiffs,<br><br>vs.<br><br>BLACKSTONE CONSULTING, INC., a California corporation,<br><br>       Defendant. | CASE NO.:<br><br>**COMPLAINT** |

**PARTIES**

1.  Plaintiff California Service Employees Health & Welfare Trust Fund ("the Trust") is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c).  The Trust maintains an administrative office in San Francisco, California.  Its purpose is to provide health and welfare and related benefits to the eligible employees of employers who contribute to the Trust pursuant to various consecutive collective bargaining agreements ("Bargaining Agreements") between local unions affiliated with the Service Employees International Union ("SEIU").

- 1 -
COMPLAINT
Case No.

2. Plaintiffs Christopher Bouvier, Charles Gilchrist, David Huerta, Raymond C. Nann, Mark Sharwood, and Larry T. Smith are Trustees of the Trust. Trustees are fiduciaries with respect to the Trust as defined in 3(21)(A) of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of 3(16)(B)(iii) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii).

3. Defendant Blackstone Consulting, Inc., a California corporation, ("Defendant") is a corporation registered to do business in the State of California with its principal place of business located in in Los Angeles, California.  Defendant is principally engaged in the business of providing services in environmental, security, facilities maintenance, staffing and food service management.  The business of Defendant affects commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

## **JURISDICTION**

4. Jurisdiction exists in this Court over the claims asserted by the Plaintiffs by virtue of ERISA Section 502, 29 U.S.C. § 1132, in that the Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of the Bargaining Agreements between the employer and a labor organization.

6. To the extent jurisdiction over any claim does not exist under ERISA and/or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 28 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction and it would further judicial economy, convenience, fairness and comity to exercise jurisdiction over the claims.

/ / /

/ / /

**VENUE**

7. Venue exists in this Court with respect to the claims under ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Trust is administered in this district.

**INTRADISTRICT ASSIGNMENT**

8. The basis for assignment of this action to this Court's San Francisco and Oakland Division is that a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the City and County of San Francisco, where the Trust is administered.

**APPLICABLE LAW**

9. Section 515 of ERISA, 29 U.S.C. § 1145, requires that employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the Bargaining Agreement.

10. ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:
>
> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of:
>
>     (i)   interest on the unpaid contributions, or
>
>     (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)   such other legal or equitable relief as the court deems appropriate.

11. ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action by the Trustees as ERISA fiduciaries:

- 3 -

COMPLAINT
Case No.

  (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or

  (B) to obtain other appropriate equitable relief

    (i) to redress such violations, or
    (ii) to enforce any provision of this title or the terms of the plan.

12. ERISA Section 209, 29 USC § 1059, recordkeeping and reporting requirements, states in relevant part:

> (a)(1) Except as provided by paragraph (2) every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

13. The Trustees have a right under ERISA to conduct an audit of a contributing employer's relevant books and records under the terms of the Trust Agreements. *Central States, Southeast and Southwest Areas Pension Fund v Central Transport, Inc.*, 472 US 559 (1985), *reh'g denied* 473 U.S. 926.

**FACTS**

14. At all times relevant to this Complaint, Defendant was a party and bound by a collective bargaining agreement with Service Employees International Union – United Service Workers West ("the Union") covering Defendant's employees ("the Bargaining Agreement"). The Bargaining Agreement required that Defendant contribute to the Trust at specified rates per month on behalf of its eligible employees.

15. As an employer participating in the Trust, and pursuant to the terms of its Bargaining Agreement, Defendant is bound by the Agreement and Declaration of Trust ("Trust Agreement") establishing the Trust, the terms of the Trust's Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreement.

16. Defendant's contractual duty under the Bargaining Agreement requires it to timely make payment in full of the required contributions to the Trust according to its terms or the terms of the Bargaining Agreement, under ERISA Section 515, 29 U.S.C. § 1145.

COMPLAINT
Case No.

1        17.   At all times relevant to this action, under Article IV, Sections 4 and 5 of the Trust
Agreement, and under their Bargaining Agreements, contributing employers were required to
submit complete monthly remittance reports of all eligible employees covered by the Bargaining
Agreement along with contributions owed, to the Trust on or before the 15th day of each month
following the month in which the covered work was performed. Article IV, Section 4 of the Trust
Agreement provided that an employer may be compelled by legal proceeding to prepare, submit
and file with the Trust proper reports for any period for which the employer failed to file, and that
until the proper report is filed by the employer and accepted by the Trust, the amount due from the
employer shall be deemed to be not less than the amount due pursuant to the most recent complete
report filed by the employer.

     18.   At all times relevant to this action, under Article IV, Sections 5 and 6(a) of the Trust
Agreement, contributions received by the Trust after the 20th day of the month following the
month in which the covered work was performed were deemed delinquent.

     19.   At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(B),
29 U.S.C. § 1132(g)(2)(B), Article IV, Section 6(c) of the Trust Agreement provided that
delinquent contributions shall accrue interest at the rate of ten percent (10%) simple interest per
annum from the due date until paid.

     20.   At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(C),
29 U.S.C. § 1132(g)(2)(C), Article IV, Section 6(b) of the Trust Agreement provided that after the
filing of a lawsuit, the employer shall be obligated to pay liquidated damages in an amount equal
to the greater of:  (1) 20% of the amount of the delinquent contributions, or (2) interest on the
delinquent contributions as calculated under Article IV, Section 6(c) of the Trust Agreement.

     21.   At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(D)
and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), Article IV, Section 8 of the Trust Agreement
provided that in the event of a lawsuit, in addition to the delinquent contributions, interest and
liquidated damages due to the Trust, the delinquent contributing employer shall pay to the Trust
all attorneys' fees incurred in the litigation and any audit fees incurred in the audit and in
connection with the litigation.

22. In or about December 2019, an audit was completed of Defendant's payroll records for the period June 1, 2015 through June 30, 2019, which revealed omissions by Defendant in the payment of contributions due by Defendant to the Trust during the audit period. In or about June 2020, the audit was revised and finalized, resulting in Defendant's owing delinquent contributions to the Trust in the amount of $15,904.83 in underpayments. Simple interest at 10% per annum on the unpaid contribution amount calculated through September 8, 2020 totals $3,360.63 and continues to accrue at the rate of $4.36 per day. Liquidated damages are owed at 20% of the unpaid audit amount totaling at least $3,180.97, or interest, whichever is greater. Defendant is therefore in breach of the CBA in effect during the above period and thereby breached the terms of the Trust Agreement to which Defendant is bound, and is therefore liable to the Trust for payment of contributions found to be due on audit, interest, an amount equal to the greater of 20% liquidated damages or interest, reasonable attorney's fees and costs, and audit fees.

23. Defendant also underpaid its January 2020 welfare contributions by $4,777.25 by improperly applying an opt-out credit for an employee for the period August 2019 through December 2018 hours worked.

24. During the period January 2020 to the present, itemized demands have been made upon Defendant for payment of the above-described delinquent contributions, pre-litigation liquidated damages and interest. Despite the demands, Defendant has refused and continues to refuse to pay the amounts owed.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

25. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26, above as though fully set forth herein.

26. Defendant as a party to the Bargaining Agreement agreed to be bound by the terms thereof and by the Terms of the Trust Agreement and Plan document.

27. By failing to make the required payments to the Trust, Defendant breached the Bargaining Agreement and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

28. As a result of the delinquencies alleged herein, Defendant's employees covered by the Bargaining Agreement lost eligibility for benefits, and Defendant is therefore liable for their lost benefits.

29. Therefore, Defendant is liable for payment of delinquent contributions due and owing Plaintiff Trust, for interest, liquidated damages, costs, attorneys' fees and accountants' fees as provided for under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), for interest and liquidated damages due on late-paid contributions, and for the amount of any benefits lost by the Trust's participants or beneficiaries as a result of Defendant's delinquency, according to proof.

30. Defendant is also liable for payment of any additional delinquent contributions that may be revealed by audit or during discovery or investigation of this matter, and any additional contributions that may become delinquent prior to judgment, plus interest and liquidated damages on any such amounts.

31. Plaintiffs are without adequate remedy at law and the Trust and its participants and beneficiaries will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the Bargaining Agreement, and the Trust Agreement, including but not limited to the submission of delinquent monthly remittance reports and the payment of benefits lost by its employees due to Defendant's delinquency; and to pay all contributions, interest, liquidated damages, costs, attorneys' fees and accountants' fees determined to be due Plaintiff Trust.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant, in favor of the Plaintiffs, in an amount equal to at least:

   (a) All unpaid contributions due at time of Judgment, according to proof, including those specified above as well as any other contributions determined as due by audit or otherwise pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

   (b) Interest on all unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreement, and ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

   (c) Liquidated damages in an amount equal to the greater of

     (i) Interest on the unpaid contributions, or

     (ii) Liquidated damages provided for under the Bargaining Agreement on the aforementioned unpaid contributions in accordance with the Bargaining Agreement, the Trust Agreement and ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C).

   (d) Liquidated damages and interest at the rates set in accordance with the Bargaining Agreement and the Trust Agreement on any contributions paid late to the Trust.

   (e) Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); reasonable attorneys' fees and costs in accordance with the Trust Agreement and in accordance with LMRA Section 301, 29 U.S.C. § 185;

  2 That the Court retain jurisdiction of this case pending compliance with its orders; and

  3. For such other and further relief as the Court may deem just and proper.

Date: September 8, 2020.    SALTZMAN & JOHNSON LAW CORPORATION


By: /s/
   Tino X. Do
   Attorneys for Plaintiffs